IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| M.F. individually and on behalf of minor child, J.C.M., an individual with a disability,<br>　　*Plaintiffs,*<br><br>v.<br><br>CLEVELAND METROPOLITAN SCHOOL DISTRICT<br>　　*Defendant /*<br>　　*Third-Party Plaintiff*<br><br>v.<br><br>CUDDY LAW FIRM, P.L.L.C. and ALIA E. GREEN,<br>　　*Third-Party Defendants* | CIVIL ACTION NO: 1:23-cv-02308-PAB<br><br>JUDGE PAMELA A. BARKER |

## MOTION TO SUBMIT ADDITIONAL EVIDENCE TO THE ADMINISTRATIVE RECORD

Pursuant to 20 U.S.C. 1415(i)(2)(C), Plaintiff ("JCM" or "Student"), a minor, by and through his parent and legal guardian, MF, ("Plaintiff" or "Parent") and legal counsel, respectfully moves for leave to submit additional evidence to supplement the administrative record. Given this Court's modified de novo review, the inclusion of this evidence is necessary to ensure a complete and accurate adjudication. The specific and limited nature of the additional evidence requested in this Motion and Memorandum of Points and Authorities will provide this Court with necessary information regarding JCM's needs at the time of the original hearing and the Cleveland Metropolitan School District's ("CMSD" or "Defendant") knowledge thereof, as well as fill in evidentiary gaps in the administrative record.

In support of this motion, a Memorandum of Points and Authorities is attached hereto.

Dated: March 13, 2025         CUDDY LAW FIRM, PLLC
*Attorneys for Plaintiff*

By: /s/ Andrew K. Cuddy
Andrew K. Cuddy
6100 Oak Tree Blvd S, Suite 200
Independence, OH 44131

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff requests that the Court supplement and/or augment the administrative record in this case to include the following documents that were not available at the time of the due process hearing:

1. Attachment #1, Prior Notice, dated November 7, 2022;

2. Attachment #2, Amended 2022-2023 Individualized Education Plan ("IEP"), pages 2-3, dated November 7, 2022; and

3. Attachment #3, Email from Michelle Nameth Baskin to Coralise M. Terwilliger-Seman, dated May 1, 2023.

Plaintiff challenges the final decision and relief awarded by Impartial Hearing Officer ("IHO") Ronald Alexander, which was upheld by State Level Review Officer ("SLRO") Robert Mues. The challenge is brought under Ohio Administrative Code, Rule 3301-51-05 and is based, in part, on the contention that the CMSD was aware of JCM's need for a one-on-one ("1:1") paraprofessional at the time of the original hearing but failed to provide one, and that the IHO Alexander erred in discrediting the testimony of Dr. Howard Shane and subsequently failing to order additional evaluations be conducted for JCM. Testimony at the hearing supported these contentions.

Plaintiff has several bases for supplementing the record with the attached documents. First, The Individuals with Disabilities Act (IDEA) affords parents important procedural safeguards, including the right to submit additional evidence in a civil action to complete the administrative record. 34 CFR § 300.516(c); 20 U.S.C. § 1415(i)(2)(C). Second, the documents were not available at the time of the original due process hearing. Third, the additional evidence is both relevant and necessary to create a complete administrative record upon which this Court can fairly resolve the dispute regarding the decision and relief in this matter. It is important to note

3

that the Defendant will not be prejudiced by the admission of these documents, as the Defendant either authored the materials, or was a party to them, and therefore has direct knowledge of their existence and content.

By this motion, the Plaintiff seeks to submit extra-record materials for the limited purpose of assisting the court in determining whether the IHO and SRO erred in failing to find that JCM required additional evaluations, failing to find that JCM required a 1:1 paraprofessional in order to receive his free appropriate public education (FAPE) and in failing to order as relief the requested additional evaluations and 1:1 paraprofessional. Additionally, the materials are relevant to determining whether the IHO and SRO erred in failing to order an additional year of eligibility for services for each year that a 1:1 paraprofessional was denied. The extra-record materials set forth, which were not available at the time of the hearing, are highly relevant to assessing whether the IHO and SRO erred in not finding that the CMSD acted inappropriately and erred in not awarding the Plaintiff's requested relief. The materials support Plaintiff's claim and witness testimony that JCM needed additional evaluations to assess his communication needs, and that the CMSD was aware of JCM's need for a 1:1 paraprofessional while simultaneously presenting witness testimony to the contrary. The documents further show that the CMSD's IEP team relied on the same underlying information to both justify denying JCM a 1:1 paraprofessional and, later, to recognize his need for the same support.

## Procedural History

On February 14, 2022, Plaintiff filed their request for a due process hearing (hereinafter called the "Complaint") pursuant to Section 1415(f)(1) of the Individuals with Disabilities Improvement Act ("IDEIA"), 20 U.S.C. § 1400 *et seq.*, 34 C.F.R 300.507. In the Complaint, assigned case number SE 3988-2022, the Parent alleged that the Defendant denied JCM a free

4

appropriate public education ("FAPE") for the 2019-2020, 2020-2021, 2021-2022, and 2022-2023 school years, and 2020 and 2021 summer sessions.

The Plaintiff filed an amended complaint on March 11, 2022.  On May 3, 2022, the Plaintiff filed a second due process complaint for the CMSD's failure to produce records (SE 4013-2022).

The Ohio Department of Education assigned Ronald Alexander as IHO for both cases. On June 6, 2022, IHO Alexander consolidated cases SE 3988-2022 and SE 4013-2022.

On March 3, 2023, IHO Alexander rendered his final decision in the matter of SE 3988-2022 and SE 4013-2022. The IHO found, in part, that JCM's February 2021 and 2022 IEPs were not adequate as they failed to consider the unique circumstance of the Student's mouthing behavior, and therefore the CMSD denied the Student a FAPE.

On March 20, 2023, the Plaintiff filed a Notice of Appeal with the Ohio Department of Education ("ODE") appealing IHO Alexander's decision. The ODE appointed Robert Mues as the SLRO to hear the appeal, docketed at case numbers SLR 3988-2022 and SLR 4013-2022.

On September 21, 2023, SLRO Mues rendered his final decision in the matter of SLR 3988-2022 and SLR 4013-2022. SLRO Mues upheld IHO Alexander's decision in its entirety.

On December 1, 2023, the Plaintiff filed a civil complaint appealing the IHO and SLRO administrative decisions, case 1:23-cv-02308-PAB.

**ARGUMENT**

Pursuant to IDEIA 20 U.S.C. 1400 *et seq.*, and its implementing regulations, 34 CFR 300.516 (c)(2) any party aggrieved by the findings and decision of an administrative hearing has the right to bring a civil action. In such an action, district courts are required to (a) receive the

records of the administrative proceedings; (b) hear additional evidence at the request of a party; and (c) base its decision on the preponderance of evidence. 34 CFR § 300.516(c); 20 U.S.C. § 1415(i)(2)(C). Allowing admission of additional evidence is intended to assist the court in resolving the issues before it.

The Sixth Circuit has adopted a broad interpretation of the scope of additional evidence permissible to supplement the administrative record. *Deal v. Hamilton Cty. Bd. of Edn.*, 392 F.3d 840 (6th Cir. 2004). A reviewing court may consider evidence outside of the administrative record if it is relevant to the issues presented during the administrative proceedings. *Somberg v. Utica Community Schs*, 908 F.3d 162 (6th Cir.2018). The Sixth Circuit has made clear that "the determination of which additional evidence to allow rests within the sound discretion of the district court." *Deal,* 392 F.3d at 850.

The Sixth Circuit outlined several circumstances that may justify supplementation of the administrative record, including "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Knable v. Bexley Sch. Dist.*, 238 F.3d 755 (6th Cir. 2001) (citing *Metro. Govt. of Nashville v. Cook*, 915 F.2d 232, 234 (6th Cir.1990). Additionally, the court in *Deal* explicitly stated that there is no prohibition against admitting even a substantial amount of additional evidence if it contributes to the record or assists the court in resolving the issues at hand. *Deal*, 392 F.3d at 850.

**I. The Plaintiff has a procedural right to supplement the record.**

IDEA provides parents a robust array of procedural safeguards. See 20 U.S.C. §1414, §1415; see also *Winkelman v. Parma City Sch. Dist.*, 127 S. Ct. 1994, 2000-2002 (2007). In

6

administrative proceedings under IDEA, district courts must apply a modified de novo standard of review to the findings of fact. *See Knox County Schools*, 315 F.3d at 692; *Knable*, 238 F.3d at 764. Under this standard, district courts are required to make findings of fact based on a preponderance of the evidence contained in the complete record, while giving deference to fact findings of the administrative proceedings. *Knox County Schools*, 315 F.3d at 692 (citing *Knable*, 238 F.3d at 764; *Burilovich*, 208 F.3d at 566).

The Sixth Circuit has taken a broad approach to the scope of additional evidence that may supplement the administrative record, declining to adopt the narrow approach of other circuits that restrict additional evidence to specific circumstances such as filling gaps in the record. *Adam Wayne D. ex rel David D. v. Beechwood Indep. Sch. Dist.*, Nos. 10-5488 & 10-5422, 482 Fed. Appx. 52, 2012 WL 1861041, at *6 (6th Cir. May 22, 2012) (quoting *Deal*, 392 F.3d at 850) (citing *Metro Gov't of Nashville & Davidson Cnty., Tenn v. Cook*, 915 F.2d 232, 234 (6th Cir. 1990)). The Sixth Circuit instead defines "additional" evidence by its ordinary usage, as "something that is added, or something that exists by way of addition," and does not impose the narrower limitations inherent in the term "supplement." *Cook*, 915 F.2d at 234 (rejecting the holding of *Town of Burlington v. Dept. of Educ.*, 736 F.2d 773, 790-91 (1st Cir. 1984)).

Here, the administrative record is incomplete. Events occurring after the due process hearing reveal that the CMSD acted in bad faith developing the 2021-2022 and 2022-2023 IEPs. As a result, those IEPs were not reasonably calculated to enable JCM to make progress in light of his circumstances as required by IDEA. 20 U.S.C.S. § 1401. To ensure a thorough and appropriate review, the record must be supplemented with these subsequent events so that all relevant information is considered in determining compliance with IDEA.

7

## II. Prior Judicial Decisions Support Supplementation of the Administrative Record in Appropriate Cases

Plaintiff is aware that the primary focus for judicial review in an IDEA case is the existing administrative record. However, the regulations allow supplementation of the administrative record under certain circumstances. 34 CFR § 300.516(c); 20 U.S.C. § 1415(i)(2)(C). In this case, Plaintiff seeks to supplement the record with evidence showing that, on November 2, 2022, Defendant amended the Student's IEP to include the provision of a 1:1 paraprofessional. This amendment was based on the same documents used to develop the original 2022-2023 IEP, which was developed on February 15, 2022, and served as the operative IEP for both the 2021-2022 and 2022-2023 school years. In developing the February 15, 2022 IEP, the CMSD relied on data from the Student's February 26, 2020 ETR, classroom observation, and parent input. The February 2020 ETR indicated that JCM had a developmental age of between two and 11 months in areas such as sensory-motor, language, social-emotional, and academic and required adult supervision throughout the school day and one-on-one instruction. (Tab 5, P. 114, 116, 117). The February 2022 IEP noted findings from the February 2020 ETR, stating that JCM "puts most everything in his mouth," "requires hand over hand guidance and constant adult supervision to complete [motor-based] tasks," and "is primarily dependent for most aspects of his self-care at school," including toileting. (Tab 8, P. 259) Classroom observations also reflected JCM's need for assistance with self-care skills, such as eating and toileting. (Tab 8, P. 263). Likewise, the November 2022 Prior Written Notice (PWN), which amended JCM's 2022-2023 IEP to include a 1:1 paraprofessional cited "[o]bservation, Parent input, [and] review of current IEP and [2020] ETR data" as the basis for determining that JCM required 1:1 paraprofessional support to meet his needs in the educational setting. (Attachment #1). This amendment, made less than a month

8

before the close of the hearing and three months before the IHO issued a decision, addresses events directly relevant to issues in this case.

Attachment #3, an email between BCBA Michelle Nameth Baskin and CMSD shows that JCM required additional evaluations to address his communication needs. During the hearing, Dr. Howard Shane testified that the CMSD had not conducted a systematic assessment of JCM's communication abilities and thus did not have great insight into his needs. (Tr. 1660-1664). IHO Alexander discredited the testimony of Dr. Shane, an internationally known speech-language pathologist who has researched and developed augmentative and alternative communication systems, because his opinion was based on a review of JCM's records and not personal knowledge of the Student. (IHO DEC. p. 314). Ms. Baskin, who likewise determined that JCM required an assessment for augmentative communication, did so with personal knowledge of the Student after observing him in his classroom. (Attachment #3). Ms. Baskin's email, sent less than two months after the original IHO decision, addresses events directly relevant to issues in this case.

### III. The Proposed Materials are Relevant and Necessary

Plaintiff's proposed additional exhibits contain relevant, material, and reliable information that is not currently part of the administrative record and provide critcal context to the events at issue. Plaintiff respectfully requests that the record be supplemented with the following documents: (1) Attachment #1, Prior Written Notice dated 11/03/2022, (2) Attachment #2, Amended IEP, dated 11/03/2022, and (3) Attachment #3, Email from Michelle Nameth Baskin to Coralise M. Terwilliger-Seman, dated May 1, 2023. These documents, created after the hearing, demonstrate that the CMSD was aware JCM needed a 1:1 paraprofessional at the time of the hearing and that JCM was in need of further evaluations regarding his communication needs, and

9

support the evidence in already the record showing that the IHO erred in not awarding the Plaintiff's requested relief.

On November 3, 2022, just a few weeks into the 2022-23 school year, JCM's Intervention Specialist requested an IEP meeting to amend the February 2022 IEP. The February 2022 IEP was part of the record in the SE 3988-2022 due process hearing presided over by IHO Alexander. (Tab 8) During the November 2022 IEP meeting, CMSD amended the IEP to include a 1:1 paraprofessional, writing that JCM "require[d] a one-to-one (1:1) paraprofessional" in order "to complete academic and non-academic tasks in all school environments." (Attachment #2). According to the accompanying PWN, the CMSD relied solely on the then-current IEP and ETR data to reach this determination, both of which were presented in the hearing before IHO Alexander, during which Defendant argued JCM did not require a 1:1 paraprofessional, and the IHO declined to order one as part of the relief. (Attachment #1).

Notably, JCM's needs had not changed. The needs highlighted to justify the addition of the 1:1 paraprofessional, such as JCM's mouthing of objects and reliance on adult assistance, were documented in the original February 2022 IEP. The only change made to the IEP in November 2022 was the inclusion of a 1:1 paraprofessional. (Attachment #1, Attachment #2, Tab 8).

At the hearing, the Plaintiff presented substantial evidence supporting the relief requested - a 1:1 paraprofessional. There was a great deal of testimony about JCM's frequent mouthing of objects and tendency to place his hand in his mouth, both of which significantly interfered with his learning. (*see e.g.*, Tr. P. 38-39, 50-51, 194, 692-93, 801, 1513-14, 1597, IHO DEC. 289-293). Additionally, in May 2022, Plaintiff had a private evaluation conducted by Jennifer Blankenship, a board-certified behavior analyst (BCBA), who evaluated JCM at his school. (Tab

10

62, P. 939). Ms. Blankenship testified that her recommendations, including the need for a 1:1 paraprofessional, were informed by her observations of JCM and input from his Intervention Specialist, who confirmed that JCM would only engage in activities with 1:1 support. (Tr. P. 1712-1719). Despite this evidence, JCM's February 2022 IEP did not include a 1:1 paraprofessional, and IHO Alexander and SLRO Mues failed to recognize the necessity of this support in their decisions.

On May 1, 2023, two months after the original IHO decision, BCBA Michelle Nameth Baskin conducted a functional behavior assessment (FBA) and developed a behavior intervention plan for JCM. While observing JCM in his classroom to conduct the FBA, Ms. Baskin sent an email to several members of JCM's team at CMSD noting her belief that JCM's behaviors were tied to his communication deficiencies and suggested that JCM be tested for a augmentative communication device. (Attachment 3). Similarly, at the hearing, Dr. Howard Shane testified that JCM be evaluated in the area of speech-language and for a communication device. (Tr. 1660-1664). IHO Alexander improperly discredited Dr. Shane's testimony because Dr. Shane did not meet the student personally, evaluate him directly, or observe him. IHO DEC. p. 314. Ms. Baskin's email, sent after she observed JCM, demonstrates that despite having not met JCM in person, Dr. Shane's testimony that he required additional evaluation in those areas supported the Plaintiff's claim and request for relief.

The proposed additional documents, either authored by, or already in the possession of Defendant, underscore CMSD's awareness of the severity of JCM's needs and the essential role a 1:1 paraprofessional played in supporting him within the school environment as well as his need for additional evaluations. These documents provide compelling evidence that CMSD knew JCM required this support but failed to provide it until after the hearing concluded.

11

**Conclusion**

For these reasons, Plaintiff's request to supplement the administrative record with the proposed additional documents is both justified and essential for ensuring a complete and accurate review of the issues in this matter. Admission of the prior written notice and November 7, 2022 IEP, created and authored by Defendant and email from Ms. Baskins, that CMSD was a party to, demonstrate CMSD's acknowledgment of JCM's need for a 1:1 paraprofessional – a need that remained unchanged throughout the entire relevant time period – and need for additional evaluations in the area of augmentative communication. The evidence further supports Plaintiff's contention that the IHO and SLRO erred in failing to recognize this critical support as necessary to provide JCM with a FAPE. Supplementing the record with these materials will assist this Court in thoroughly evaluating whether the relief awarded adequately addressed JCM's educational needs, consistent with the requirements of IDEA. Accordingly, Plaintiff respectfully requests that this Court grant the motion to supplement the administrative record.

Dated: March 13, 2025            CUDDY LAW FIRM, PLLC
*Attorneys for Plaintiff*

By: /s/ Andrew K Cuddy_____
Andrew K. Cuddy
6100 Oak Tree Blvd S, Suite 200
Independence, OH 44131

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2025 the foregoing document was filed using the court's CM/ECF system, which will send electronic notification of the filing to all counsel of record.

/s/ Andrew K Cuddy
Andrew K. Cuddy
Cuddy Law Firm, PLLC
*Attorneys for Plaintiff*