# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| M.F., individually and on behalf of minor child, J.C.M., an individual with a disability, | ) ) ) |
| Plaintiffs, | ) CASE NO. 1:23-cv-02308-PAB ) ) |
| v. | ) ) JUDGE PAMELA A. BARKER ) |
| CLEVELAND METROPOLITAN SCHOOL DISTRICT, | ) ) ) |
| Defendant/Third-Party Plaintiff, | ) **CLEVELAND METROPOLITAN** ) **SCHOOL DISTRICT'S MOTION TO** ) **SUPPLEMENT THE ADMINISTRATIVE** |
| v. | ) **RECORD** ) |
| CUDDY LAW FIRM, P.L.L.C. ALIA E. GREEN, | ) ) ) |
| Third-Party Defendants. | ) ) |

Defendant/Third-Party Plaintiff Cleveland Metropolitan School District (the "District" or "CMSD"), by and through counsel and pursuant to 20 U.S.C. § 1415(i)(2)(C)(i-iii), respectfully requests leave to supplement the Administrative Record in this case.

In their December 1, 2023 "Original Complaint," Plaintiffs M.F. ("Parent") and JCM ("Student") (collectively "Plaintiffs") allege that State Level Review Officer ("SLRO") Robert Mues erred nineteen (19) times in affirming certain "wrongful findings" made by Impartial Hearing Officer ("IHO") Ronald Alexander. (*See* Plaintiffs' Original Complaint, Doc #: 1, ¶¶ 76 through 94 at PageID #: 16 through PageID #: 19).  Despite these allegations, there is nothing in the current Administrative Record reflecting the grounds for appeal and assignments for error made by Plaintiffs before the Ohio Department of Education's Office for Exceptional Children. Likewise, the briefing presented by the parties to the SLRO and the SLRO's decision is missing

1

from the current Administrative Record. Since Plaintiffs are challenging the decisions made by the SLRO, the inclusion of these documents is necessary to ensure a complete and accurate adjudication by the Court as part of its modified de novo review in this matter.

Based on the foregoing and for the reasons detailed below, the District respectfully requests that the Court grant this Motion to Supplement, adding the documents attached to this Motion to the Administrative Record.

I.     RELEVANT PROCEDURAL HISTORY

On February 14, 2022, Plaintiffs filed a Demand for Due Process Hearing (SE 3988-2022). On March 11, 2022, Plaintiffs filed an Amended Demand for Due Process Hearing alleging ADA and Section 504 violations in addition to the original claims in the February 14, 2022 filing.

On May 3, 2022, Plaintiffs filed an additional Demand for Due Process Hearing (SE 4013-2022).

On June 6, 2022, IHO Alexander ruled that the claims in SE 3988-2022 and SE 4013-2022 were identical. As a result, IHO Alexander ordered that the claims in SE 3988-2022 and SE 4013-2022 be consolidated.

On March 3, 2023, IHO Alexander issued his decision.

On March 20, 2023, Plaintiffs filed a Notice of Appeal with the Ohio Department of Education ("Notice of Appeal." The Notice of Appeal raised 13 assignments of error.

On September 21, 2023, SLRO Mues issued his decision, affirming the IHO's determination in its entirety.

On December 1, 2023, Plaintiffs filed their Complaint in this matter appealing the IHO and SLRO decisions.

II. LAW AND ARGUMENT

A. Governing Legal Standard

District Courts reviewing IDEA claims are typically confined to the record of administrative proceedings. 20 U.S.C. § 1415(i)(2)(C)(i). The statute makes a broad exception, providing that the reviewing court "shall hear additional evidence at the request of a party[.]" 20 U.S.C. § 1415(i)(2)(C)(ii).

The Sixth Circuit "'has taken an expansive view of the scope of additional evidence that may supplement the administrative record' and has 'declined to adopt the narrow position of other circuits that additional evidence is admissible only in limited circumstances, such as to supplement or fill in gaps in the evidence previously introduced.'" *Adam Wayne D. ex rel. David D. v. Beechwood Indep. Sch. Dist.*, Nos. 10-5488 & 10-5422, 2012 WL 1861041, at *6 (6th Cir. May 22, 2012) (quoting *Deal v. Hamilton Cnty Bd. of Educ.*, 392 F.3d 840, 850 (6th Cir. 2004) (citing *Metro Gov't of Nashville & Davidson Cnty., Tenn v. Cook*, 915 F.2d 232, 234 (6th Cir. 1990))). The Sixth Circuit instead defines "additional" evidence by its ordinary usage: "something that is added, or something that exists by way of addition. To "add" means to join or unite; the limitation on what can be joined inherent to the term "supplement" is not present in the term "add." " *Cook*, 915 F.2d at 234 (rejecting the holding of *Town of Burlington v. Dept. of Educ.*, 736 F.2d 773, 790-91 (1st Cir. 1984)). "[R]easons for supplementation [of the administrative record] will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what evidence should be received, however, is the administrative record." *Knable v. Bexley Sch. Dist.,* 238 F.3d 755 (6th Cir. 2001) (citing *Cook*, 915 F.2d at 234). "There is no

3

prohibition [...] against the district Court allowing even a large amount of additional evidence if it will add something to the administrative record or assist the court in deciding the issues before it." *Deal*, 392 F.3d at 851.

"[T]he determination of which additional evidence to allow rests within the sound discretion of the district court." *Ruhl v. Ohio Health Dept.*, 724 F. App'x. 324, 337 (6th Cir. 2018) (quoting *Deal*, 392 F.3d at 850). "District courts should consider the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, ... and the conservation of judicial resources." *Ruhl v. State of Ohio Dep't of Health*, No. 16-CV-773, 2016 WL 5869828, at *5 (N.D. Ohio Oct. 7, 2016) (citing to *Cook*, 915 F.2d at 234-35); See also *Ruhl*, 724 F. App'x. at 338 (affirming evidentiary holdings, though reversing in part on other grounds). Trial courts can be found to abuse that discretion if they allow additional evidence "to change the character [of] the hearing from one of review to a trial de novo.'" *Deal*, 392 F.3d at 851 n. 8 (citing *Cook*, 915 F.2d 232 at 234-35 (quoting *Town of Burlington*, 736 F.2d at 791)). The Sixth Circuit has further cautioned District Courts to take care to limit additional evidence to rule upon issues beyond those before the ALJ. *Deal*, 392 F.3d at 850 (citing *Metro. Bd. of Pub. Educ. v. Guest*, 193 F.3d 457, 463 (6th Cir. 1999)).

  B. <u>The District's Proposed Supplementation of the Record Will Assist the Court in Deciding the Issues Before It</u>

Plaintiffs allege that SLRO Mues erred nineteen (19) times in affirming certain "wrongful findings" made by IHO Alexander. (Doc #: 1, ¶¶ 76 through 94 at PageID #: 16 through PageID #: 19). There is nothing in the current Administrative Record, however, reflecting the grounds for appeal and assignments for error made by Plaintiffs before the Ohio Department of Education's Office for Exceptional Children. Without this information, the Court risks making an inaccurate determination in this case. For example, Plaintiffs allege in Paragraph 93 of the Complaint that

4

the SLRO "erred in affirming the IHO's failure to order that the Respondent hold a meeting to amend the Student's most recent IEP to include the services of a 1:1 paraprofessional." (Doc # : 1, ¶ 93 at PageID #: 19). Yet, this issue (the failure to order that CMSD hold a meeting) was never presented as an assignment of error in Plaintiffs' Notice of Appeal.

This is not the first time Plaintiffs have attempted to expand the scope of their assignments of error. On March 20, 2023, Plaintiffs filed a Notice of Appeal in this case "in accordance with Ohio Revised Code Section 3323.05(h) and Rule 3301-51-05(K)(14)(b) of the Ohio Administrative Code (*Operating Standards for Ohio Educational Agencies Serving Children With Disabilities*)." In doing so, Plaintiffs listed thirteen (13) separate "grounds for appeal and assignments of error." Plaintiffs' Appellate Brief, filed on May 26, 2023, listed fourteen (14) grounds for appeal or "issues presented." One of the "issues presented" in Plaintiffs' Appellate Brief included whether the IHO erred "in imposing a two-year statute of limitations based on the March 11, 2022 amended Due Process complaint rather than the February 14, 2022 initial Due Process Complaint." This "issue" was not one of the assignment of error in Plaintiffs' actual Notice of Appeal.

Ohio Administrative Code §3301-51-05(K)(14)(b)(i) states that any party aggrieved by the findings and decision in a due process hearing may "appeal the findings and decision in writing to the Ohio department of education within forty-five days of receipt of the hearing decision." In his September 21, 2023 decision, SLRO Mues concluded that he did not have jurisdiction regarding Plaintiffs' two year statute of limitations argument because it had not been included in the timely filed Notice of Appeal.

Since Plaintiffs are challenging the decisions made by the SLRO, the Administrative Record should be supplemented to include Plaintiffs' Notice of Appeal, the parties' respective

briefing, and the SLRO's decision.  The addition of these documents to the Administrative Record will assist the Court in deciding the issues before it.

III.  CONCLUSION

For the foregoing reasons, the District respectfully requests that the Court grant its Motion to Supplement the Administrative Record.


Dated: March 14, 2025                                    Respectfully submitted,



                                                        /s/ *William D. Edwards*_____
                                                        William D. Edwards (0062861)
                                                        Taft Stettinius & Hollister LLP
                                                        One Indiana Square Suite 3500
                                                        Indianapolis, IN  46204-2023
                                                        Telephone:    (317) 713-3500
                                                        Facsimile:     (317) 713-3699
                                                        wdedwards@taftlaw.com

                                                        *Counsel for Defendant/Third-Party Plaintiff*
                                                        *Cleveland Metropolitan School District*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2025 the foregoing document was filed using the Court's CM/ECF system, which will send electronic notification of the filing to all counsel of record, and a copy of the foregoing was sent via electronic mail and U.S. Mail to:

Alia E. Green
383 Westchester Drive
Brunswick, OH 44212
aegreen14@gmail.com

              /s/ *William D. Edwards*
              *Counsel for Defendant/Third-Party Plaintiff*
              *Cleveland Metropolitan School District*